1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9   ROBERT M. WILSON,                    )
                                         )
10                  Plaintiff,            )
                                         )              3:11-cv-00766-RCJ-WGC
11  vs.                                  )
                                         )
    AMERICAN STERLING BANK a Missouri    )              **ORDER**
12  Corporation, FIRST TRUSTEE SERVICES, )
    INC., a Missouri Corp.  RECONTRUST   )
13  COMPANY, N.A.; COUNTRYWIDE HOME      )
    LOANS, INC.; FIRST AMERICAN TITLE;
14  KAREN MERKEL; and DOES and ROES 1-25
    Individuals, partnerships, or anyone claiming any
15  interest to the property described in the Action,

16                  Defendants.

17  _____

18          This is a standard foreclosure case involving one property.  The Complaint filed in state

19  court lists eight causes of action: (1) Fair Debt Collection Practices Act violations; (2) Violations

20  of the Nevada Deceptive Trade Practices Act; (3) Breach of the Implied Covenant of Good Faith

21  and Fair Dealing; (4) Violations of Nevada Revised Statutes ("NRS") 107.080; (5) Quiet Title;

22  (6) Fraud; (7) Slander of Title; and (8) Abuse of Process.

23  **I.      THE PROPERTY**

24          On or about November 13, 2006, Plaintiff Robert M. Wilson ("Wilson") executed a

25  promissory note to lender American Sterling Bank Corp. ("Sterling"). The mortgage note was in

the original principal sum of $560,000.00.  To secure payment of the note, on the same date,

Plaintiff executed a Deed of Trust ("DOT") encumbering the real property at issue in this case.

(Deed of Trust, Nov. 13, 2006, ECF No. 11-1).  The property is located in Washoe County,

Nevada, commonly known as 1107 Bayshore Drive, Sparks, Nevada, 89434 (the "Property").

(*Id.*).  The DOT named First Trustee Services, Inc. as the Trustee. (*Id.*).  The DOT was recorded

with the Washoe County Recorder on November 17, 2006 as Document Nos. 3454402. (*Id.*).

Some time thereafter, Plaintiff defaulted on the loan secured by the DOT.  On October 3, 2008,

Mortgage Electronic Registration Systems, Inc ("MERS"), a named beneficiary under the DOT,

substituted ReconTrust Company ("ReconTrust") as the trustee. (Sub. Trustee, Oct. 3, 2008, ECF

No. 11-4).  The substitution was not recorded until October 6, 2008. (*Id.*).  On October 3, 2008,

ReconTrust executed and recorded a notice of default and election to sell ("NOD"). (Notice of

Default, Oct. 3, 2008, ECF No. 11-3).  After several years had passed, ReconTrust recorded the

first Notice of Trustee's Sale ("NOS1") on January 21, 2011. (Notice of Trustee's Sale, Jan. 21,

2011, ECF No. 11-5).  One week later, January 27, 2011, MERS assigned the DOT to Wells

Fargo Bank, N.A. ("Wells Fargo") and recorded the assignment on February 3, 2011. (Assign.

DOT, Jan. 27, 2011, ECF No. 11-6).[1]  Two weeks after the assignment was recorded, February

17, 2011, ReconTrust recorded NOT2. (Notice of Trustee's Sale, Feb. 17, 2011, ECF No. 11-7).

One day later, February 18, 2011, Wells Fargo recorded the assignment of the DOT to BAC

Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("BAC"). (Assign.

DOT, Feb. 17, 2011, ECF No. 11-8).  The same day, February 18, 2011, BAC recorded a

substitution of trustee naming ReconTrust, who was already the trustee, as trustee. (Sub. Trustee,

Feb. 18, 2011, ECF No. 11-9).  About two months later, May 24, 2011, ReconTrust recorded

---

[1] This simultaneous transfer of the interest in the note to BAC by MERS in its capacity as "nominee" and of MERS' own interest in the DOT in its capacity as "beneficiary" cured any split created at the inception of the mortgage between Countrywide's and MERS' respective interests in the note and DOT.  *See generally Edelstein v. Bank of New York Mellon*, 128 Nev. Adv. Op. 48 (2012).

1    NOS3. (Notice of Trustee's Sale, May 24, 2011, ECF No. 11-10). Four months later, Plaintiff

2    filed the Complaint in the state court on September 13, 2011. (Complaint, Sep. 13, 2011, ECF

3    No. 1-1) A week later, September, 21, 2011, ReconTrust recorded NOS4. (Notice of Trustee's

4    Sale, September 21, 2011, ECF No. 11-10). Defendants removed to this Court on October 21,

5    2011. (Pet. Removal, Oct. 21, 2011, ECF No. 1). On August 13, 2011, Defendants filed their

6    Motion to Dismiss and Expunge Lis Pendens. (Mot Dismiss, Aug. 13, 2011, ECF No. 11).

7    **II. LEGAL STANDARD**

8    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

9    claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

10   what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

11   (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

12   that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

13   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

14   F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

15   failure to state a claim, dismissal is appropriate only when the complaint does not give the

16   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

17   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

18   sufficient to state a claim, the court will take all material allegations as true and construe them in

19   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

20   Cir. 1986). The court, however, is not required to accept as true allegations that are merely

21   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

22   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

23   with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

24   case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

25   (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

1    pleads factual content that allows the court to draw the reasonable inference that the defendant is

2    liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule

3    8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a

4    defendant liable; he also must identify the theory of his own case so that the court can properly

5    determine not only whether any such legal theory exists (*Conley* review), but also whether he has

6    any basis for relief under such a theory even assuming the facts are as he alleges (*Twombly-Iqbal*

7    review)

8          "Generally, a district court may not consider any material beyond the pleadings in ruling

9    on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

10   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

11   *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

12   whose contents are alleged in a complaint and whose authenticity no party questions, but which

13   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

14   motion to dismiss" without converting the motion to dismiss into a motion for summary

15   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

16   of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

17   *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

18   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

19   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

20   2001).

21   **III. ANALYSIS**

22         The only claim that merits discussion, even as acknowledged by Plaintiff in his

23   Opposition to Motion to Dismiss, is Plaintiff's claim that Defendant violated NRS § 107.080.

24   (*See* Opp. Mot. Dismiss, Aug. 27, 2012, ECF No. 13 at 2).  The others fail for reasons given in

25   substantially similar cases. (*Id.*).  The issue is whether MERS, acting as nominee and beneficiary

1    of the Deed of Trust, and the other assigned and substituted beneficiaries and trustees form a

2    legal chain of title, and whether they followed NRS § 107.080 in executing a non judicial

3    foreclosure.  Here, the records show MERS properly recorded the substitution of trustee and

4    cured any perceived split regarding the deed and the note when MERS assigned its beneficial

5    interest to Wells Fargo on January 27, 2011. (Assign. DOT, Jan. 27, 2011, ECF No. 11-6).  The

6    only other issue is regarding the NOD.  Even though there were four notices of trustee's sale on

7    record, the only NOD on record, and thus the operative NOD was filed 36 months prior to the

8    fourth and final NOS, and 27 months prior to the first NOS.  The issue is not the elapsed time

9    between the filing of the NOD and the filing of the last NOS (as there is no statutory limitation of

10   time pertaining to an NOD), but the assignments of the subsequent beneficiaries which were not

11   identified in the original NOD.  The NOD must contain "[c]ontact information which the grantor

12   or the person who holds the title of record may use to reach a person with the authority to

13   negotiate a loan modification on behalf of the beneficiary of the deed of trust." Nev. Rev. Stat. §

14   107.086(2)(a)(1).  Since there were two subsequent assignments of the beneficiary from the time

15   of the NOD, the current beneficiary, BAC, was not identified in the NOD nor in the NOS.

16   Nevada law requires a notice of default and election to sale to be recorded prior to the power of

17   sale, or in other words, prior to the recordation of the notice of trustee's sale, the owner on title of

18   the deed must be noticed with a NOD. Nev. Rev. Stat. § 107.080; Nev. Rev. Stat. § 107.086.

19   Thus, because ReconTrust exercised a power of sale without providing to the Plaintiff the name

20   and contact information of the current beneficiary via a NOD, the final NOS is not valid under

21   NRS 107.086.  Thus, ReconTrust did not follow statutory procedure when it executed and

22   recorded the final three NOSs.  The Court will therefore deny the Motion to Dismiss against the

23   chapter 107 claim, though the remaining claims fail for reasons given in substantially identical

24   cases.

25                                    **CONCLUSION**

                                      Page 5 of  6

1    IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 11) is GRANTED in

2  part and DENIED in part.  All claims are dismissed except those for violations of NRS 107.080.

3    IT IS FURTHER ORDERED that the Motion to Expunge Lis Pendens (ECF No. 11) is

4  DENIED.

5    IT IS SO ORDERED.

   Dated this 10th day of January, 2013.

6

7                                                    _____

8                                                    ROBERT C. JONES
                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 6 of  6